UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE FEICKERT,<br><br>Plaintiff,<br><br>vs.<br><br>ROBIN HOUWMAN, Circuit Court Judge at the Minnehaha Co. Courthouse, individual and official capacity; SUSAN SABERS, Circuit Court Judge at Minnehaha Co. Courthouse, individual and official capacity; JAMES SADKOVICH, Deputy States Attorney at Minnehaha CO. States Attorney office, individual and official capacity; and JACOB SAMP, Defense Attorney at Samp Law Office, individual and official capacity,<br><br>Defendants. | 4:26-CV-04111-KES<br><br>ORDER SCREENING COMPLAINT UNDER § 1915A |

Plaintiff, Jesse Feickert, an inmate at the Minnehaha County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Feickert's motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee, Docket 6, which Feickert timely paid. The court now screens Feickert's complaint under 28 U.S.C. § 1915A.

## I. 1915A Screening

### A. Factual Background as Alleged by Feickert

Feickert alleges that Judge Robin Houwman, a circuit court judge for the Second Judicial Circuit of South Dakota, "signed a standing order preventing

criminal defendants in Minnehaha County from possessing the discovery in their case, which severely hinders the defendants [sic] ability to prepare a viable defense[.]" Docket 1 at 4. While "[l]egal professionals often spend hours, days, and even weeks combing through the info in order to prepare a defense, . . . [Feickert] is allowed to see it for an hour or two in a room with a paralegal." *Id.* Feickert requested the discovery information from Judge Susan Sabers, a circuit court judge for the Second Judicial Circuit of South Dakota and the presiding judge in Feickert's criminal case; from James Sadkovich, the Minnehaha County Deputy State's Attorney prosecuting Feickert's case; and from Jacob Samp, Feickert's defense attorney. *Id.* Feickert claims that Judge Sabers, Sadkovich, and Samp have "support[ed] the standing order" and denied his requests for the information. *Id.* at 5.

Feickert alleges that not having this discovery information has "hindered [his] ability to prepare a viable defense," and that "leaving [his] life in the hands of others[] . . . has created overwhelming stress & mental anguish, as well as previous, lengthy bouts of incarceration." *Id.* at 4, 5. As relief, Feickert requests "compensation in the amount of $500,000 for mental anguish and stress[[.]" *Id.* at 7. Additionally, he states that he "would like federal law to override the ban put into place by the signing of the unconstitutional standing order." *Id.*

**B. Legal Standard**

The court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally

construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28

U.S.C. § 1915A(b). The court will now assess Feickert's claims under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Claims Against Samp

As an initial matter, Feickert's claims against Samp must be dismissed because Samp is not a state actor for purposes of § 1983. Feickert brings claims against Samp in both his individual and official capacities for both monetary and injunctive relief. Docket 1 at 2, 7. But Samp is a private attorney who represented Feickert in his criminal proceedings. *Id.* at 2, 4. Therefore, Feickert's claims against Samp "are subject to dismissal because private lawyers, whether appointed or retained, generally do not qualify as state actors." *Gomez v. Elk Point Union Cnty.*, 4:24-CV-04216-LLP, 2025 WL 775832, at *8 (D.S.D. Mar. 11, 2025) (citing *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (per curiam)); *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing traditional functions as counsel)). "Although a valid conspiracy charge could support an allegation that a private attorney acted under color of state law, [] vague allegations do not provide plausible grounds to infer that there was a meeting of the minds between [a private attorney] and the state actors to violate [a plaintiff's] constitutional rights." *Gomez*, 2025 WL 775832, at *8 (citing *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) ("[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the

private party and the state actor.”)). Feickert has not set forth sufficient allegations to infer a meeting of the minds between Samp and other state actors to violate his constitutional rights. *See generally* Docket 1. Therefore, Feickert’s § 1983 claims against Samp, in his individual and official capacities for both monetary and injunctive relief, are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Claims Against Judge Houwman, Judge Sabers, and Sadkovich

Feickert alleges claims against Judge Houwman, Judge Sabers, and Sadkovich under the due process clause of both the Fifth and Fourteenth Amendments. Docket 1 at 4–5. But “[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without ‘due process of law.’ ” *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Because Feickert only brings claims against state, and not federal, actors, *see* Docket 1 at 2, his claims under the Fifth Amendment are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Hess v. Ables*, 714 F.3d 1048, 1053 (8th Cir. 2013) (recognizing that a claim under the Fifth Amendment due process clause “is unsustainable against . . . non-federal government defendants.”). Therefore, the court liberally construes Feickert’s complaint as bringing a Fourteenth

Amendment due process claim against Judge Houwman,[1] Judge Sabers, and Sadkovich. *See* Docket 1.

But no matter what constitutional provision this court construes Feickert's due process claim under, "[c]riminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one; as the Court wrote recently, 'the Due Process

---

[1] Additionally, Feickert alleges that by creating the standing order regarding discovery materials, Judge Houwman is "enforcing a 'law which shall abridge the priviledges [sic] or immunities of citizens of the United States' as well as depriving any 'person of life, liberty, or property without due process of law.' " Docket 1 at 5. To the extent that Feickert is attempting to allege a claim under the privileges and immunities Clause of the Fourteenth Amendment in addition to a claim under the Fourteenth Amendment's due process clause, this claim must be dismissed. "The Supreme Court . . . has made clear that the Privileges and Immunities Clause of the Fourteenth Amendment only protects those rights accruing from citizenship of the United States[.]" *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1046 (9th Cir. 2014) (citing *Slaughter–House Cases*, 83 U.S. 36, 77 (1872)); *see also Green v. Missouri*, 734 F. Supp. 2d 814, 840 (E.D. Mo. 2010) (recognizing that "the Privileges and Immunities Clause of the Fourteenth Amendment protects only the rights of United States citizenship."). Here, Feickert does not allege a violation of the rights protected by the Fourteenth Amendment privileges and immunities clause, such as "the right to petition Congress, the right to vote in federal elections, the right to interstate travel, the right to enter federal lands, and the rights of a citizen while in federal custody." *Lilley v. Missouri*, 920 F. Supp. 1035, 1044 (E.D. Mo. 1996) (citation omitted), *aff'd*, 111 F.3d 135 (8th Cir. 1997) (per curiam); *see also Merrival v. Jackley*, 5:17-CV-05031-JLV, 2018 WL 6308693, at *5 (D.S.D. Dec. 3, 2018) (recognizing that "[t]he privileges and immunities clause has been narrowly construed and is associated primarily with the right to interstate travel."). Therefore, to the extent that Feickert intended to allege a claim against Judge Houwman under the Fourteenth Amendment privileges and immunities clause, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Clause has little to say regarding the amount of discovery which the parties must be afforded.' " (quoting *Wardius v. Oregon*, 412 U.S. 470, 474 (1973)). Instead, "[d]ue process requires merely that the government disclose all material or potentially exculpatory evidence before the trial ends." *United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007) (citing *United States v. Holmes*, 421 F.3d 683, 687 (8th Cir. 2005)). Therefore, "a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924.

Here, Feickert does not allege that he was denied access to discovery or that the government failed to disclose material or potentially exculpatory evidence. *See* Docket 1. On the contrary, he alleges that while he is prevented from "*possessing* the discovery[,]" he is allowed to view discovery materials "for an hour or two in a room with a paralegal[.]" *Id.* at 4 (emphasis added). "Under Federal Rule of Criminal Procedure 16(d)(1),[2] '[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.' With this in mind, courts can limit a criminal defendant's access to discovery materials while he is in custody." *United States v. Bonadore*, 3:19-CR-50038-RAL, 2021 WL 1516053, at *1 (D.S.D. Apr. 16, 2021) (alteration in original) (collecting cases). Therefore, Feickert's Fourteenth Amendment due process claim against Judge Houwman, Judge Sabers, and

[2] South Dakota Codified Law § 23A-13-16 provides an analogous provision, stating that "[u]pon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." SDCL § 23A-13-16.

Sadkovich, in both their individual and official capacities for both monetary and injunctive relief, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Wolter v. Fed. Pub. Defs. Off.*, 1:21-CV-117, Docket 12, at *2–3, 4–6 (D.N.D. Sep. 13, 2021) (dismissing a plaintiff's claim that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated when his access to discovery materials in the criminal case against him was restricted, noting that "[w]hile a defendant generally has a right to review the discovery materials that will be used against him at trial, these principles do not mandate a defendant's possession of all discovery materials in pretrial detention." (internal citations omitted)).

## II. Motions to Appoint Counsel

Feickert has filed four motions to appoint counsel. Dockets 5, 7, 8, 9. Because Feickert's claims are all dismissed, his motions to appoint counsel (Dockets 5, 7, 8, 9) are denied as moot.

## III. Conclusion

Thus, it is ORDERED:

1. That Feickert's § 1983 claims against Samp, in his individual and official capacities for both monetary and injunctive relief, are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That Feickert's Fifth Amendment due process claim against Judge Houwman, Judge Sabers, and Sadkovich, in both their individual and official capacities for both monetary and injunctive relief, is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. That to the extent Feickert intended to allege a claim against Judge Houwman under the Fourteenth Amendment privileges and immunities clause, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That Feickert's Fourteenth Amendment due process claim against Judge Houwman, Judge Sabers, and Sadkovich, in both their individual and official capacities for both monetary and injunctive relief, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That Feickert's motions to appoint counsel (Dockets 5, 7, 8, 9) are denied as moot.

Dated November 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE